(No. 29383.—

MT. OLIVE & STAUNTON COAL Co. Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (BERTHA STURM, Defendant in Error.)

*Opinion filed September 18, 1946.*

MEYER & MEYER, of East St. Louis, for plaintiff in error.

C. C. DREMAN, of Belleville, for defendant in error.

Mr. JUSTICE SMITH delivered the opinion of the court:

This court has granted a writ of error in this case to review a judgment of the circuit court of Madison county.

On August 4, 1938, Fred Sturm filed an application for compensation against the Mt. Olive & Staunton Coal Company. While employed by the plaintiff in error and on October 7, 1937, Sturm suffered injuries arising out of and in the course of his employment which caused the complete and permanent loss of the vision of both eyes. On a hearing before the Industrial Commission he was awarded the sum of $9.61 per week for a period of 416 weeks and one week at $2.24, under the provisions of paragraph (e) of section 8 of the Workmen's Compensation Act and a pension

for life at the rate of $40 per month after the termination of the weekly payments.

Sturm died on December 22, 1943, from causes not related to said accidental injury, leaving him surviving his widow, Bertha Sturm. At the time of his death there had been paid on said award by the plaintiff in error the sum of $3084.81. At that time the unpaid balance of the award, exclusive of the pension, was $915.19.

After the death of her husband, Bertha Sturm, who, it was admitted, was totally dependent upon the deceased, filed a petition with the Industrial Commission to order the unpaid balance paid to her as the widow. After it was determined by the commission that the deceased had died from causes other than the injuries of October 7, 1937, a further hearing was had upon the petition of Bertha Sturm to compel the plaintiff in error to pay the unpaid balance of $915.19 to her as the sole dependent of Fred Sturm.

The commission held that the widow was entitled to receive such unpaid balance of compensation, and that, upon the death of her husband, it had "become vested in said Bertha Sturm, widow of Fred Sturm, Sr., deceased." By its decision the commission ordered plaintiff in error to pay the sum of $915.19 to said Bertha Sturm at the rate of $9.61 per week. On *certiorari*, the circuit court of Madison county confirmed the decision and order of the commission.

The question of law presented is whether the dependent widow of a deceased employee is entitled to the unpaid balance of the award where the employee died from causes not related to the injuries sustained, when the award was for the specific loss of both eyes which, under the act, is declared to constitute total and permanent disability. Paragraph (e) of section 8 of the act (Ill. Rev. Stat. 1945, chap. 48, par. 145(e)) provides a schedule of the amounts of compensation to be paid for certain enumerated specific

injuries. Paragraph (f) of said section 8 contains a schedule of the amount of compensation payments which shall be made for total and permanent disabilities.

Subparagraph 18 of paragraph (e) of section 8 provides that the specific loss of both eyes and certain other members, suffered in one accident, "shall constitute total and permanent disability, to be compensated according to the compensation fixed by paragraph (f) of this section."

Subparagraph 19 of paragraph (e) of section 8 is as follows: "In a case of specific loss under the provisions of this paragraph and the amount of which loss has been determined under the provisions of this Act, and the subsequent death of such injured employee from other causes than such injury, leaving a widow and/or lineal dependents surviving before payment in full for such injury, then and in that event the balance remaining due for such injury shall be payable to such dependents, in the proportion which such dependency bears to total dependency."

The original award made to the husband of the defendant in error was for the loss of both eyes which, under subparagraph 18 of paragraph (e) of section 8, constitutes total and permanent disability. The award was made for the specific loss of both eyes.

It is the contention of plaintiff in error that subparagraph 19 of paragraph (e) of section 8, which provides that when an award is made for specific loss and the employee dies from other causes before the full amount of the award has been paid the unpaid balance shall be paid to his dependents, applies only to awards made for specific losses and does not apply where the award is for total and permanent disability.

There appears to be no reason why a specific injury resulting in the loss of both eyes should not be treated as total and permanent disability for the purpose of determining the amount of compensation to be awarded. Such injuries are still specific loss cases notwithstanding the

award to be made is the same as would be made for total and permanent disability. The loss of both eyes is a specific injury. It is, also, for the purpose of fixing the amount of the award, to be regarded as total and permanent disability. The fact that the loss of both eyes shall be considered as total and permanent disability under subparagraph 18 of paragraph (e) for the purpose of determining the amount of compensation does not take such cases out of the cases classified as specific loss cases in subparagraph 19. Such cases are declared to be total and permanent disability cases under subparagraph 18 only for the purpose of fixing the amount of the award. They are still specific loss cases under subparagraph 19, which provides that if the employee dies from other causes before the full amount of the award is paid, the unpaid balance shall be paid to his dependents.

The circuit court did not err in confirming the award of the commission. The judgment is affirmed.

*Judgment affirmed.*